# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

DAVIOUS MARQUES BOYD,

      Plaintiff,

v.

INMATE PAUL BAILEY, *et al.*,

      Defendants.

Case No. 5:22-cv-00447-TES-CHW

Proceedings Under 42 U.S.C. §1983
Before the U. S. Magistrate Judge

## ORDER

*Pro se* Plaintiff Davious Boyd, a prisoner at Riverbend Correctional Facility in Milledgeville, Georgia, filed a document in the Northern District of Georgia which was docketed as 42 U.S.C § 1983 complaint. ECF No. 1. That civil action has now been transferred to this court. ECF Nos. 4 and 5. Plaintiff did not pay a filing fee or request leave to proceed without prepayment of the filing fee. To proceed, Plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis* with the required statutory supporting documentation. A prisoner seeking to proceed *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence, and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2).

If Plaintiff's "witness statement" is an attempt to raise constitutional claims under 42 U.S.C § 1983 regarding an inmate assault at Hancock State Prison, the document sent to the Court is wholly insufficient to do so. If Plaintiff wishes to proceed with this case, he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form. In

his recast complaint, Plaintiff shall completely answer each question on the form. He must also clearly identify those individuals he wishes to include as named defendants. Presently, it is unclear who the intended defendants are because Plaintiff randomly refers to prison personnel and other inmates, naming some and leaving others unnamed. As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992). To proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216 (internal quotation marks omitted).

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). Fellow inmates predominantly do not meet the criteria to be deemed state actors in federal civil rights claims pursuant to § 1983. *See Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (finding that "[o]nly in rare circumstances" will private individuals be converted into "state actors" for purposes of § 1983.); *see also Jackson v. Strickland*, No. 4:17-CV-243-CDL-

MSH, 2018 WL 2424140, at *2 (M.D. Ga. Apr. 4, 2018), *report and recommendation adopted*, 2018 WL 2422318 (M.D. Ga. May 29, 2018) (dismissing plaintiff's claims against a fellow inmate for an assault). The Court is unable to assist Plaintiff in any investigation or prosecution of his fellow inmates. The district court does not initiate criminal proceedings or order state or federal law enforcement agencies to initiate investigations or prosecutions. *See Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987); *Bennett v. Hall*, 5:10–CV–291-MTT, 2010 WL 4024006, *2 (M.D. Ga. Sept. 13, 2010), *adopted by Bennett v. Hall*, 2010 WL 4000598 (M.D. Ga. Oct 12, 2010).

Lastly, if Plaintiff has intended to name supervisors such as Wardens, Deputy Wardens, Shift supervisors and so forth as Defendants, he is advised that supervisors are liable under § 1983 only if they personally participate in the constitutional violation, direct their subordinates to act unlawfully, or know their subordinates will act unlawfully but fail to stop them. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir.2010). *See also Asad v. Crosby*, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation").

When drafting his statement of claims as directed in the standard form, Plaintiff should list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1)  *What* did this defendant do (or not do) to violate your rights?  In other words: What was the extent of this defendant's authority or role in the unconstitutional conduct?

(2)  Is the Defendant a supervisory official and if so, was he/ she personally involved in the constitutional violation?  If not, did his/her actions otherwise cause the unconstitutional action?  How do you know?

(3)  *How* were you injured as a result of this defendant's actions or decisions? If you have been physically injured, explain the extent of your injuries and any medical care requested or provided.

(4)  *How* and *when* did this defendant learn of your injuries or otherwise become aware of a substantial risk that you could suffer a serious injury?  *What* did this defendant do (or not do) in response to this knowledge?

(5)  *What* relief you seek from this defendant?[1]

The recast complaint shall take the place of and supersede the letter previously filed in this action.  The Court will not look back to the previous pleading to determine whether Plaintiff has stated a claim, and Plaintiff should take care to include all relevant factual

---

[1] Plaintiff currently requests to be transferred to another prison and seeks the transfer of numerous other unnamed prison inmates.  ECF No. 1 at 2.  Even if Plaintiff could prevail in this action, he does not have a federal constitutional right of transfer to another prison. *See, e.g., Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Sanchez v. McCray*, 349 F. App'x 479, 481-82 (11th Cir. 2009) *citing Meachum*, 427 U.S. at 224 (determining that an inmate had "no constitutionally protected liberty interest in being housed in a certain prison or a certain section within a prison.").  This Court has no authority to order the transfer of Plaintiff from one state prison to another.  *See Newman v. Alabama*, 559 F.2d 283, 288 (5th Cir.), cert. denied, 438 U.S. 915 (1978) (district courts do not have the "authority to address state officials out of office…").  "The federal courts do not sit to supervise state prisons, the administration of which is acute interest to the States." *Fano*, 427 U.S. at 229 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 491-492 (1973).  As such, "a federal court must not unnecessarily involve itself in matters of prison administration." *Osterback v. Kemp*, 300 F.Supp.2d 1238, 1251 (N.D. Fla. 2003) (citation omitted). Plaintiff's demand for injunctive relief in the form of a transfer to another prison of himself and other unnamed prisoners is frivolous and subject to be denied as such.

allegations for any related claims that he wishes to raise in this complaint. In redrafting his complaint, Plaintiff may not join unrelated claims and defendants in a single action.[2] Plaintiff should state his related claims as simply as possible referring only to the relevant allegations against the named defendants in this case; he also need not use legal terminology or cite any specific statute or case law to state a claim, although the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983 unless otherwise specified. *See* Fed. R. Civ. P. 8. Plaintiff is not to include any exhibits or attachments (*i.e* witness statements, grievance reports, etc.). **The complaint must be no longer than ten (10) pages.**

In conclusion, Plaintiff is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form following this Court's instructions herein and either pay the filing fee or properly seek leave to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing fee, along with the appropriate certification form (with the civil action number shown on all)

---

[2] "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims. *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted).

to Plaintiff. In the meantime, there shall be **NO SERVICE** of process upon any Defendant.

    **SO ORDERED and DIRECTED**, this 29th day of December, 2022.

                                                  s/ Charles H. Weigle
                                                  Charles H. Weigle
                                                  United States Magistrate Judge